IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSE LUIS ROMAN, A/K/A, OSCAR VALLESILLA COLORADO | : : : |
| Petitioner, | : CIVIL NO. 3:CV-07-1535 |
| v. | : : (JUDGE VANASKIE) |
| WARDEN KAREN HOGSTEN, | : : |
| Respondent. | : |

## MEMORANDUM

Background

Jose Luis Roman, a/k/a Oscar Vallesilla Colorado ("Petitioner"), an inmate presently confined at the Federal Correctional Institution, Forrest City, Arkansas ("FCI-Forrest City"), initiated this pro se habeas corpus petition pursuant to 28 U.S.C. § 2241.[1]  Service of the Petition was previously ordered.  Named as Respondent is Warden Karen Hogsten, who is employed at Roman's prior place of confinement, the Allenwood Federal Correctional Institution, White Deer, Pennsylvania ("FCI-Allenwood").

Petitioner states that he is "requesting six months and 25 days of jail credit afforded to him from June 2006- January 2007 while being held in several different county jails" by the Federal Bureau of Prisons ("BOP").  Dkt. Entry # 2, p. 2.  He further asks that two (2) sentences

---

[1] According to Petitioner, Oscar Vallesilla is his "birth name." Dkt. Entry # 1, p. 5.

imposed against him by the United States District Court for the Southern District of Texas on October 19, 2006 be ordered to run concurrently. See id. Petitioner also claims that because FCI-Allenwood officials have failed to clear up confusion regarding his name he is not receiving his legal and personal mail which is addressed "under his birth name of Oscar Vallesilla." Id. at p. 4.

Roman was originally convicted in the United States District Court for the Southern District of Texas of conspiracy to possess with intent to distribute five hundred (500) grams or more of cocaine; possession with intent to distribute five hundred (500) grams or more of cocaine; and aiding and abetting. He was sentenced to a sixty (60) month term of imprisonment with a five (5) year term of supervised release on February 2, 2001. On December 8, 2004, Roman was released from custody, via good conduct time release.

On June 27, 2006, Roman was arrested in the Southern District of Texas under the alias of Colorado and indicted on a charge of illegal reentry. After being convicted, Roman a/k/a Colorado was sentenced on October 19, 2006 to a seventy-two (72) month term of imprisonment. Roman was also sentenced by the Southern District of Texas on October 19, 2006 to serve an eight (8) month term of imprisonment for violation of his supervised release from his original conviction.

Discussion

Denial of Mail

     Roman claims entitlement to federal habeas corpus relief in part based upon the purported failure of BOP officials to rectify confusion regarding his name, a problem which has allegedly resulted in Petitioner's failure to receive legal and personal mail. Respondent argues that these allegations are not properly asserted in a § 2241 action. See Dkt. Entry # 8, p. 8.

     Federal habeas corpus review under § 2241 allows a federal prisoner to challenge the "execution of his sentence." Woodall v. Federal Bureau of Prisons, 432 F.3d 235, 241 (3d Cir. 2005). A habeas corpus petition may be brought by a prisoner who seeks to challenge either the fact or duration of his confinement in prison. Preiser v. Rodriguez, 411 U.S. 475, 494 (1973), Telford v. Hepting, 980 F.2d 745, 748 (3d Cir. 1993). Federal habeas corpus review is available only "where the deprivation of rights is such that it necessarily impacts the fact or length of detention." Leamer v. Fauver, 288 F.3d 532, 540 (3d Cir. 2002).

     In Suggs v. Bureau of Prisons, 2008 WL 2966740 *4 (D. N.J. July 31, 2008), the district court noted that in cases where "a judgment in Petitioner's favor would not affect the fact or duration of Petitioner's incarceration, habeas relief is unavailable and a civil complaint was the appropriate form of remedy." Recognizing the observation in Woodall that the precise meaning of execution of sentence is hazy, it has been similarly held that to "the extent that a prisoner challenges his conditions of confinement, such claims must be raised by way of a civil rights

action." Hairston v. Grondolsky, 2008 WL 618805, *2 (D.N.J. March 3, 2008).

Roman's claims relating to the purported failure of BOP officials to rectify confusion regarding his name and alias, which allegedly caused a disruption in his receipt of legal and personal mail, do not relate to the fact or duration of Roman's incarceration. Accordingly, the claims are not properly asserted in a § 2241 action. Linnen v. Armainis, 991 F.2d 1102, 1109 (3d Cir. 1993).

Sentence Credit

Petitioner next asserts that he is entitled to six months and 25 days of jail credit, covering the period June 2006- to January 2007, "while being held in several different county jails by officials of the BOP." Dkt. Entry # 2, p. 2. As previously noted, Petitioner was released from service of his original sentence on December 8, 2004. Respondent acknowledges that Roman was arrested on June 27, 2006 and commenced service of his 2006 federal sentences on October 19, 2006, the date they were imposed. There is no indication that Petitioner was confined between December 8, 2004 and June 27, 2006. The Government argues that since Petitioner was awarded jail credit for 114 days spent in custody from June 27, 2006 to October 18, 2006 he is not entitled to federal habeas corpus relief. In support of this argument, Respondent has submitted a declaration under penalty of perjury by BOP Correspondence Specialist Forest Kelly, who states that Petitioner "was awarded jail credit in the amount of 114 days for time spent in custody from June 27, 2006, the date of his arrest, to October 18, 2006,

the day prior to commencement of his sentences." Dkt. Entry # 8,Exhibit 1, ¶ 11.  Also submitted is a copy of a computerized sentence computation report which substantiates Kelly's statement.  See id. at Attachment 2.

Section 1385 of title 18 U.S.C. provides in relevant part:

>    (a)  Commencement of sentence. -- A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.
> 
>    (b)  Credit for prior custody. -- A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences --
> 
>    (1)   as a result of the offense for which the sentence was imposed; or
> 
>    (2)   as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
> 
> that has not been credited against another sentence.[2]

A federal sentence commences when the defendant is received by the Attorney General of the United States for service of his federal sentence.  United States v. Pungitore, 910 F.2d

---

[2] § 3585 is applicable only to those federal offenses committed after its effective date of November 1, 1987.

1084, 1118-19 (3d Cir. 1990). "Congress made clear that a defendant could not receive double credit for his detention time." United States v. Wilson, 503 U.S. 329, 337 (1992). Similarly, a habeas petitioner cannot receive federal credit for a time period that has already been credited towards a federal sentence. Vega v. United States, 493 F.3d 310, 314 (3d Cir. 2007).

In the present case, Petitioner began service of his 2006 federal sentences on the date those sentences were imposed, October 19, 2006. Clearly, Roman is entitled to receive credit for all time spent incarcerated. However, since the undisputed record establishes that Petitioner was awarded credit for time spent in custody from June 27, 2006, the date of his arrest, to October 18, 2006, the day prior to the commencement of his federal sentences, and he thereafter started service of the federal sentences, there is no basis for federal habeas corpus relief.    See 18 U.S.C. § 3585(b); Chambers v. Holland, 920 F. Supp. 618, 621 (M.D. Pa. 1996)(credit for time served is not available if time has already been credited).

Concurrent Sentence

Petitioner's remaining argument contends that the Southern District of Texas ordered that his October 19, 2006 supervised release violation sentence be served concurrently with the illegal re-entry sentence imposed that same day. Respondent counters that the supervised release violation sentence was ordered to be served consecutively to the illegal re-entry sentence.

Respondent has submitted copies of the Judgments entered in both of Roman's criminal

cases. The supervised release violation sentence and the illegal re-entry sentence were both imposed by Chief Judge Hayden Head of the Southern District of Texas on October 19, 2006. See Dkt. Entry # 8, Attachments 4 & 5. With respect to the supervised release violation sentence, Chief Judge Head clearly indicated that said sentence was "to be served consecutive" to the illegal re-entry sentence. See id., Attachment 5, p. 2.

Pursuant to 18 U.S.C. § 3584, the Southern District of Texas clearly had discretion to direct that Roman's supervised release violation sentence be served consecutive to the illegal re-entry sentence. Since the Southern District of Texas ordered that the supervised release violation sentence run consecutively, the BOP was obligated to adhere to the expressed intention of the sentencing court. Accordingly, there is no basis for federal habeas corpus relief. An appropriate Order is attached.

s/ Thomas I. Vanaskie<br>
Thomas I. Vanaskie<br>
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSE LUIS ROMAN, A/K/A, : | |
| OSCAR VALLESILLA COLORADO : | |
| : | |
| Petitioner, : | CIVIL NO. 3:CV-07-1535 |
| : | |
| v. : | (JUDGE VANASKIE) |
| : | |
| WARDEN KAREN HOGSTEN, : | |
| : | |
| Respondent. : | |

## ORDER

NOW, THIS 9th DAY OF DECEMBER, 2008, in accordance with the accompanying Memorandum, IT IS HEREBY ORDERED THAT:

1. The Petition for writ of habeas corpus is DENIED.

2. The Clerk of Court is directed to CLOSE the case.

                                        s/ Thomas I. Vanaskie
                                        Thomas I. Vanaskie
                                        United States District Judge